**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                         **4:20-CR-00054-01-JM**

**PHILLIP SMITH**

**ORDER**

Defendant's Motion to Reduce Sentence (Doc. No. 194) is DENIED.

Guideline Amendment 821 does not change Defendant's criminal history category. His criminal history category of VI is based on his status as a career offender. Even if Defendant was not a career offender, his criminal history score would go from 6 to 4, but his criminal history category and guideline range would remain the same.[1]

Additionally, Defendant's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 15th day of February, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 113.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).